Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBN: 278521)
Sweerasuriya@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, Suite #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DIANA DIAZ,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| **CAPITAL RECOVERY CORPORATION,** | |
| Defendant. | |

## INTRODUCTION

**1.** Plaintiff, Diana Diaz ("Plaintiff") brings this Complaint for restitution, injunctive relief, statutory damages, and any other available equitable remedies, resulting from the illegal actions of Defendant, Capital Recovery Corporation ("Defendant") in violation of California Business and Professions Code §§17200, et seq., in violation of the California Rosenthal Fair Debt

Collection Practices Act ("RFDCPA"), and in violation of the federal Fair Debt Collection Practices Act ("FDCPA"). This lawsuit is premised on Defendants' unfair and fraudulent business practices, and conduct by Defendant, a debt collector, which is prohibited by the FDCPA and the RFDCPA.

2. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 18 U.S.C. §1332, because the amount in controversy in this case exceeds $75,000.00, and because complete diversity of citizenship exists due to the following: 1) Plaintiff is a resident of the State of California; and 2) Defendant is a company registered in the state of Georgia with its principal place of business also in the State of Georgia.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because events giving rise to Plaintiffs' claim took place within the County of Santa Barbara, in the Central District of California, in the state of California.

///

## PARTIES

5. Plaintiff is a resident of Santa Barbara County, and is a citizen of the State of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. Section 1692a(3) and is a "debtor" as defined by Cal. Civ. Code Section 1788.2(h).

6. Defendant is a company doing business in the State of California, and at all relevant times, was a company engaged, by the use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. Section 1692a(5), and a "consumer debt," as defined by Cal. Civ. Code Section 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due to another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6), and RFDCPA, Cal. Civ. Code Section 1788.2(c).

## FACTUAL ALLEGATIONS

7. On or about July 18, 2012, Plaintiff was injured while working in the food-service department ("The Kitchen") at the Queen of the Valley Hospital in West Covina, California, in the County of Los Angeles. Plaintiff was injured when she slipped and fell.

8. The Kitchen was operated by Sodexo, Inc., and Plaintiff was advised by Sodexo, Inc.'s manager, Tom Harney, that her injury would be treated at Sodexo, Inc.'s expense through Sodexo, Inc.'s worker's compensation carrier,

at their contracted clinic, US Healthworks, Inc., at 6520 N. Irwindale Ave., Ste. 100, Irwindale, Ca 91702.

9. Medical services for Plaintiff were provided by Sodexo, Inc. until Sodexo, Inc. stopped paying for Plaintiff's medical services. Further medical services were denied by Sodexo, Inc.'s worker's compensation carrier, Travelers of Sacramento.

10. As a result of Travelers of Sacramento's refusal to pay US Healthworks, Inc., the debt was referred to a debt collection agency, Defendant. Defendant has an established contract with US Healthworks, Inc. to collect debts on US Healthworks, Inc.'s behalf.

11. Defendant violated the law when attempting to collect the alleged debt owed from Plaintiff.

12. Because of the circumstances of the instant legal matter, Plaintiff obtained Carey David Abramowitz ("Abramowitz") as her attorney.

13. On several occasions, including, but not limited to, on or around February 3, 2014, and on April 4, 2014, Plaintiff informed Defendant that she had obtained counsel, and gave to Defendant the contact information for Abramowitz.

14. Plaintiff expected that Abramowitz would secure payment from the relevant insurance company so that collection efforts towards Plaintiff would cease.

15. Defendant being informed of Plaintiff's legal representation notwithstanding, Defendant continued collection efforts, and continued to contact Plaintiff directly, without permission from Abramowitz.

16. Defendant continued to send directly to Plaintiff dunning letters regarding the alleged debt owed. Said letters included the language "with attorney" next to Plaintiff's name, which evidences Defendant's acknowledgement that Plaintiff had retained counsel.

17. Plaintiff learned that Abramowitz had failed to make contact with Defendant, and every other relevant entity in this instant legal action. However, Defendant was still aware, as evidenced by its letters to Plaintiff, stating Plaintiff's name and then "with attorney," that Plaintiff was represented by counsel.

18. After Abramowitz, Plaintiff then hired legal representation regarding the instant matter with the Law Offices of Todd M. Friedman.

19. During all relevant times, the dunning letters sent to Plaintiff by Defendant were false and misleading, and Defendant thereby used false and deceptive practices in connection with the collection of the alleged debt owed. Said letters informed and warned Plaintiff not to forward said letter to Plaintiff's insurance company, and that Plaintiff's insurance company would not pay for the medical services rendered.

20. Furthermore, the letters sent to Plaintiff did not include the required language pursuant to the RFDCPA, which, *intra alia,* informs Plaintiff, or any debtor, their rights under the RFDCPA. This language is often referred to as a "mini-miranda."

21. Additionally, Defendant failed to send the required notices pursuant to 15 U.S.C. Section 1692g.

22. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS §§17200, ET SEQ.

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant engaged in unfair *and* fraudulent business practices with regards to Plaintiff.

25. Through these fraudulent and unfair business acts and practices, Defendant has engaged in unfair competition within the meaning of California Business and Profession Code section 17200 et seq., and are subject to the relief available under that statute.

26. Plaintiff has been injured by Defendants' acts of unfair competition.

27. These violations are continuing and will continue unless enjoined by this Court.

### SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTIONS §17500, ET SEQ.

28. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. In the course of engaging in the above detailed unfair and fraudulent business practices, Defendants made materially false and misleading statements to Plaintiff.

30. Plaintiff has been injured by Defendants' acts of unfair competition.

31. These violations are continuing and will continue unless enjoined by this Court.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment against Defendant, and in favor of Plaintiff as follows:

**A.** That the Court declare the conduct of Defendant to be in violation of California Business and Professions Code Sections 1700 et seq., and 17500 et seq.;

**B.** That, pursuant to California Business and Professions Code section 17203, the Court permanently enjoin and restrain Defendant and its officers,

directors, agents, employees, successors, assignees, subsidiaries, transferees, and all other persons acting or claiming to act on behalf thereof or in concert therewith, in any manner, directly or indirectly, from any engaging in the above detailed fraudulent and unfair business practices;

**C.** That, pursuant to California Business and Professions Code sections 17203 and 17535, the Court permanently enjoin and restrain Defendant and its officers, directors, agents, employees, successors, assignees, subsidiaries, transferees, and all other persons acting or claiming to act on behalf thereof or in concert therewith, in any manner, directly or indirectly, from making misleading and untrue omissions as detailed above;

**D.** That, pursuant to California Business and Professions Code sections 17202, 17203 the Court impose all applicable penalties, forfeitures and penal laws upon Defendant, including those provided in California Business and Professions Code sections 17500 and 17581;

**E.** That, pursuant to California Business and Professions Code sections 17203, 17535 the Court direct restitution of all money and property Defendant have acquired by means of their unfair competition, including but not limited to all membership fees and dues paid by Plaintiffs and the Class members.

**F.** That the Court award plaintiff its costs of suit, including reasonable

attorneys' fees; and

G. That the Court awards such other and further relief as may appear necessary and appropriate.

**THIRD CAUSE OF ACTION: VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§1788, ET SEQ.**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

34. Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2));

   b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

   c) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11));

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)); and

e) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

### PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

### FOURTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA FEDERAL FAIR DEBT COLLECTION PRACTICES ACT §§1692, ET SEQ.

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

### PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

///

## TRIAL BY JURY

**38.** Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Respectfully submitted March 25, 2015

By: /s/Todd M. Friedman
Todd M. Friedman
Suren N. Weerasuriya
LAW OFFICES OF TODD M. FRIEDMAN
Attorney for Plaintiff